THE STORM LAKE BANK v. THE MISSOURI VALLEY LIFE INS. Co.

1. **Tax Sale and Deed:** PURCHASE BY AGENT OF LAND-OWNER: AGENCY NOT ESTABLISHED. The question in this case was whether plaintiff's tax title was invalid on the ground that plaintiff's purchase at tax sale was made while plaintiff was defendant's agent, charged with the duty of protecting defendant's interests in the premises; but, upon consideration of the evidence, *held* that, while plaintiff's cashier was, in his personal capacity, and not as cashier, defendant's agent, plaintiff was not such agent,—there being no proof of an express contract of agency on its part, nor of any circumstances from which such contract could be presumed or implied. For facts see opinion.

*Appeal from Buena Vista District Court.*

WEDNESDAY, JULY 22.

PLAINTIFF brought this action to quiet the title to eighty acres of land in Buena Vista county. It is alleged in the petition that prior to the fifteenth of May, 1881, plaintiff was the owner in fee-simple of said land, and that it then sold and conveyed the same, by warranty deed, to one James F. Toy, and that it is liable on its warranty for any clouds upon the title, or any incumbrances on the land arising or existing prior to said date. It is also alleged that defendant makes some claim to the premises adverse to the title held and conveyed by plaintiff. An abstract of title, attached to the petition, shows that plaintiff claims under a tax deed executed by the treasurer of the county on the eighteenth of November, 1880.

Defendant alleges in its answer that, during the years 1876–77–78–79–80, plaintiff was acting as its agent; that plaintiff's business as such agent was to take applications to defendant for life insurance and loans of money on real estate security; that it had the general supervision of all matters pertaining to defendant's business in the county; and that it was its duty to carefully guard defendant's interest pertaining

to said business in the county; that in November, 1876, one Trapp, who was then the owner of said land, obtained a loan of $300 from defendant, and gave a mortgage on said land to secure the same, the business with reference to said loan being transacted through plaintiff as agent; that afterwards said mortgage was foreclosed, and the property was sold on special execution for the satisfaction of said debt, defendant being the purchaser, and a sheriff's deed was executed, conveying the property to it; that in October, 1877, the land was sold for delinquent taxes, and plaintiff became the purchaser, and afterwards obtained a deed from the county treasurer under said sale; that it was plaintiff's duty as agent to notify defendant of said delinquent tax, but that it did not notify it thereof, but fraudulently permitted the land to be sold, and became the purchaser thereof while it was acting as defendant's agent. And defendant prays that the tax deed under which plaintiff holds the land be canceled and set aside, and that it be permitted to redeem the land from said sale for delinquent taxes; and that plaintiff be barred and estopped from asserting any title to the land under said tax deed.

By the judgment of the district court it is determined that plaintiff held whatever title it acquired by the tax deed in trust for defendant, and it is barred and estopped by the decree from asserting any title or interest thereunder, except as trustee for defendant. Plaintiff appeals.

*Robinson & Milchrist*, for appellant.

*Lot Thomas* and *A. D. Bailie*, for appellee.

REED, J.—Defendant is a corporation organized under the laws of Kansas, and having its principal place of business at Leavenworth in that state, and is engaged in the business of life insurance. It also loans the money received by it as premiums on the risks carried by it. It had a general agent at Fort Dodge, who had charge of its business in this state. In August, 1876, this agent induced a number of citizens of

Storm Lake to form an association which was known and designated as a local board, and the object of which was to procure applications to defendant for life insurance and loans of money. Each member of the board was insured in the defendant company, and it was one of its rules that it would loan money only to persons who were insured with it. The board had a secretary, who received and forwarded to defendant all applications for insurance and loans of money which were procured by the board during its existence. Plaintiff also is a corporation organized under the laws of this state, and does a banking and general real estate business. J. A. Dean was vice-president of the plaintiff corporation. He was also secretary of said local insurance board. During the time he acted as such secretary he assisted in conducting plaintiff's business, and received a salary from it. The only compensation which was received for his services as such secretary was such fees and commissions as were charged the persons who applied through the board for insurance and loans of money, and these sums were paid over to plaintiff. The president of the plaintiff company was also a member of the local board.

In November, 1876, one John V. Trapp made application for a policy of insurance and a loan of $300, which he proposed to secure by a mortgage on the land in question. Dean received this application and forwarded it to defendant, and with it he sent an abstract of the title of the land, which was given by plaintiff, it being part of its business to furnish abstracts of title. Trapp's application was accepted by defendant, and the loan was made to him, and a mortgage on the land was taken to secure the same. This mortgage was foreclosed in 1877, and the premises were sold on special execution, defendant being the purchaser, and in December, 1878, it obtained a sheriff's deed therefor. Indorsed on the abstract of title given by plaintiff at the time the loan was made, was the certificate of the county treasurer to the effect that there were no taxes due and unpaid upon the land at the

time the certificate was signed, which was November 20, 1876. The taxes for that year, however, had not been paid at that time, and they remained delinquent until the annual sale for delinquent taxes in October, 1877, when the land was sold therefor, and plaintiff was the purchaser, and in November, 1880, it obtained from the county treasurer a tax deed of the land.

Defendant contends that, notwithstanding the fact that its business at Storm Lake was transacted by Dean, the secretary of the local board, he was not in fact its agent, but that whatever he did in the premises was done for plaintiff, who was the real agent; and that at the time the land was sold this relation continued, and it was then under obligation, by virtue of the relation, to protect defendant's interest in the land, and, consequently, its act in permitting it to be sold for the tax, without notifying defendant that it was delinquent, was such a fraud upon its rights as will defeat the title acquired by plaintiff under the sale. Or, if it be true that the agency had been terminated before the sale, so that plaintiff owed it no duty by virtue of the then existing relations of the parties, still, as plaintiff had, while acting as its agent, represented that the tax was not due and unpaid, and thereby induced it to accept the mortgage as security for the loan, it was its duty, growing out of the relation which had existed between the parties, when it discovered that the representation was not true, (which it did at the time of the sale,) to inform defendant of that fact; and that its acts of purchasing the land at the sale, and afterwards procuring a deed therefor, without giving defendant such notice, was a violation of duty and good faith, and for that reason it could acquire no title to the land under the purchase. It will be observed that defendant's claim is based solely on the ground that the relation of principal and agent existed between it and plaintiff at the time of the tax sale, and that the purchase of the land by plaintiff was a violation of the rights and obligations arising out of the relation, or that that

relation had previously existed between them, and that the purchase of the land, and the procuring of a deed thereto by plaintiff, without notifying it of the sale, was a breach of the duties which it owed defendant by reason of the former relation. It is not claimed, either in the pleadings or in argument, that defendant is entitled to relief against the tax deed upon any other ground.

The claim that plaintiff was the real agent in the transactions in question, and that Dean was acting for it, we think is not established by the evidence. The relation of principal and agent can be created only by contract. The existence of the relation may be established by proof either of an express contract between the parties creating it, or of such a course of conduct by them as raises an inference or presumption that they have entered into it. The contracts of corporations are necessarily entered into by or through their officers or agents. It is not necessary in every case, in order to bind the corporation, to prove that its officers or agents expressly assumed to bind it by the contract, but a promise or undertaking by it will sometimes be implied in favor of one who has been led to deal with its officers or agents in the belief that they were representing it in the transaction. We find no evidence in this record that any officer or agent of plaintiff ever assumed to bind it by any contract or arrangement of the character of that which defendant claims was entered into, or to make it a party to such contract or arrangement. And it is not proven that it is capable of entering into such contract, or of being bound by it. Nor is there any evidence that defendant or its officers supposed at any time during the course of the business that they were dealing with plaintiff. At no time during the course of the transactions did Dean assume to act in any other than his individual capacity. And there is no reason to believe that defendant or its officers understood that he was acting in any other capacity. All their correspondence was with him individually, and they addressed and treated him as the agent.

There is no proof, then, of an express contract of agency between the parties. Nor are any circumstances established from which such contract can be presumed or implied. And as defendant has failed to establish the single ground of recovery relied upon, its case necessarily fails.

The judgment of the district court will·be

REVERSED.