## HANNA & HENDERSON v. COLLINS.

1. **Contract:** REAL-ESTATE BROKER: WHEN COMMISSION EARNED. When a real-estate broker undertakes to find a purchaser for a client's real-estate, he is entitled to his commission when he has procured a customer who is able and willing to buy the property, and with whom the principal enters into negotiations which result in its purchase by him. *Blodgett v. Railroad Co.*, 63 Iowa, 606, followed.

2. **Appeal to Supreme Court:** LESS THAN $100: QUESTION OF FACT NOT TRIED. In cases involving less than $100, this court has no jurisdiction to consider questions of fact certified by the trial court, but only questions of law. (Code, § 3173.)

*Appeal from Page Circuit Court.*

FRIDAY, JUNE 11.

PLAINTIFFS, who are real-estate agents, brought this action to recover a commission on the sale of certain real estate. They recovered a judgment in the court below from which defendant appealed.

*W. W. Morsman*, for appellant.

*Clark & Parslow*, for appellees.

REED, J.—The amount involved in the action being less than $100, the circuit judge signed the following certificate, on which the cause came into this court: "The defendant was the owner of a widow's share in real estate, which was not set off to her, and she employed plaintiffs, who are real-estate agents, to procure a purchaser of her interest in the land; and plaintiffs, pursuant to such employment, procured and caused one Lewis Akin to enter into negotiations with defendant for the purchase of her said interest; and, after the commencement of said negotiations, more than sixty days elapsed without the parties coming to an agreement; and the said Akin told the defendant that he could not, and would not, purchase her interest, but still secretly entertained the

thought of purchasing the same; and thereupon the defendant employed a lawyer to procure her widow's share to be set off to her, and did institute a suit for the allotment of her said interest; and after the institution of said suit the said Akin, then being promised assistance by another party, who had purchased the interest of certain heirs in the same lands, resumed negotiations with the defendant, through said lawyer, which resulted in the purchase of the interest of defendant (before the suit was tried) through the said attorney; which purchase was completed, and deed fully executed, without the knowledge of the plaintiffs. Is the defendant legally liable to the plaintiffs for either the reasonable value of their services, or for the commission agreed upon at the time of their employment?"

Plaintiff's undertaking, as shown by the certificate, was to procure a purchaser for defendant's interest in the premises. 1. CONTRACT: real-estate broker: when commission earned. When such is the undertaking of the agent or broker, he is entitled to his commission when he has procured a customer who is able and willing to buy the property, and with whom the principal enters into negotiations which result in its purchase by him. *Blodgett v. Railroad Co.*, 63 Iowa, 606. The question whether plaintiffs are entitled to a commission on the sale in question depends, then, upon whether Akin can be regarded as a purchaser procured by them, and whether the purchase by him of defendant's interest in the property resulted from the negotiations which plaintiffs induced him to enter into. But it is very apparent, we think, that these are questions solely of fact. Whether the final negotiation between Akin 2. APPEAL to supreme court: less than $100: question of fact not tried. and defendant's attorney, which resulted in the sale of the property to him, can be regarded as a continuation of the negotiation which plaintiff induced him to enter into with defendant, is in no sense a question of law, but must be determined from the evidence. In this class of cases we have jurisdiction only to determine such questions of *law* as may be certified to us by

the trial judges. Code, § 3173. As the questions stated in the present certificate are not of that character, we do not have jurisdiction to determine them.

The appeal, therefore, must be

DISMISSED