## P. A. BOLAND v. J. C. KISTLE, Appellant.

Sunday Contract. That a farm is sold on Sunday does not invalidate a prior agreement to pay a commission for selling it.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

WEDNESDAY, OCTOBER 24, 1894.

ACTION at law upon an alleged contract to recover the sum of one hundred and twenty dollars as commission or compensation for procuring a purchaser for certain real estate. The defendant denied that there was any valid contract between the parties, and averred that whatever authority he may have given the plaintiff to sell the property was revoked by a sale made by the defendant to a party who was not represented by the plaintiff, and that whatever there was in the nature of a contract with plaintiff was made on Sunday, and that it was therefore void. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.—*Affirmed.*

*P. S. Rishel* for appellant.

*G. C. Scott* for appellee.

ROTHROCK, J.—There is evidence in the record to the effect that an agreement was made between the parties that the defendant would pay the plaintiff one hundred and twenty dollars if he (the plaintiff) would procure a purchaser for the defendant's farm, and that plaintiff found one Chandler, who went to the farm,

and, upon an examination of the premises, agreed to purchase it upon the terms at which the defendant agreed with the plaintiff that he would sell it. Chandler examined the farm on Saturday, and the same day the plaintiff went to the farm, and stated to the defendant that he had found a purchaser; and it was agreed that the plaintiff and Chandler should go to the farm on the next day, which was Sunday, and close up the transaction. The parties met on Sunday, and a written agreement was made between Chandler and the defendant for the purchase of the farm by Chandler. The contract was an unconditional sale of the farm, and the next Thursday was fixed as the day to finally dispose of the matter. It was stated by the defendant that he had given one Hamm an option to purchase the farm until the next Thursday. No money was paid by Hamm, and there was no written contract between him and the defendant. There was evidence that on Sunday the defendant stated that if Hamm appeared to make a contract he (the defendant) would state to him that the farm was not for sale. When the plaintiff and Chandler went to the farm on Thursday the defendant informed them that the farm was sold to Hamm. The jury were fully warranted from the evidence in finding the above facts. The defendant claims that the verdict is not supported by the evidence. No such claim can be sustained here. It is true that defendant testified that he made no contract with Chandler, and that Hamm had the option to take the farm, and that he so stated to the plaintiff and Chandler on Sunday. But it was for the jury to determine the question as to the preponderance of the evidence.

It is further claimed that the contract made on Sunday was void. This may be conceded. It may be that Chandler could not have enforced a specific performance of that contract. But that question is not in this case. This is not an action on that contract. The contract with plaintiff to procure a pur-

chaser for the farm was made before that day, and it had been partly performed by the plaintiff. The written agreement signed by the defendant was competent evidence to sustain the claim of the plaintiff that he found a purchaser for the farm. It was admissible as an admission made by the defendant that the plaintiff had performed his contract.

The case demands no further consideration. Objections are made to the instructions given by the court to the jury. They are in line with the views we have expressed, and we discover no error in them. The judgment of the district court is AFFIRMED.