JOSEPH MARPLE, Appellant, v. J. L. IVES.

**Sale:** ACCEPTANCE: *Broker's commission.* Plaintiff, employed by defendant to find a purchaser for a stock of goods, found a person who was willing to buy if real estate which he had was accepted in payment. Defendant made a written proposition, in which he agreed to accept such real estate in part payment, provided the purchaser, among other things, furnished an abstract showing title in him. The purchaser accepted the offer, but failed to furnish an abstract. *Held,* that the acceptance was not such as to entitle plaintiff to his commission, as having found a purchaser able and willing to buy on the terms proposed.

**Evidence:** SUSTAINED OBJECTION: *Error without prejudice.* Though objections to questions are sustained, no prejudice results to the party propounding them where the witness answers, and his answers are allowed to stand.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON,
Judge.

WEDNESDAY, MAY 23, 1900.

ACTION to recover commission for negotiating the sale of
property for defendant. At the close of plaintiff's case, on
motion of defendant the court instructed the jury to find a
verdict in the latter's favor, which was done. From a judg-
ment rendered thereon, plaintiff appeals.—*Affirmed.*

*C. E. Hunn* for appellant.

*W. G. Harvison* for appellee.

WATERMAN, J.—Exceptions are taken to certain rul-
ings of the court sustaining objections to questions asked
by plaintiff of the witness King; but the witness
answered in each instance, and his answers were al-
lowed to stand, so no prejudice could have re-
sulted.

Plaintiff was employed by defendant to find a pur-
chaser for a stock of goods. He found one King, who seemed
likely to buy, if real estate he had were accepted in payment.
To bring the matter to a conclusion, defendant
made the following written proposition (the real
estate referred to being that owned by King): "Will
accept the 320 acres, 3½ miles south of Scotland, at $22.50
per acre, provided the description is a guarantied one from
Mr. King. Said land to be accepted subject to a $2,000
mortgage, at 8 per cent interest, with interest and taxes paid
to date. Abstract and title to be clear from all cloud on
title, and showing no incumbrance other than the $2,000
mentioned above; Mr. King or owner to pay difference of
$800.00 in cash or good notes. Party to accept deal by wire,
subject to approval, and to reach here not later than Tues-
day, March 10, 1897. [Signed] J. L. Ives." King came to

Des Moines, where defendant then was, and signified that he would accept the offer. His real estate was incumbered by a second mortgage for six hundred and seventy-five dollars, and there was interest due on the two thousand dollar mortgage, and also taxes unpaid. He offered to give a note for the eight hundred dollars bonus which he was to pay, and we think the evidence shows it to have been a good note. The jury would have been warranted, also, in finding that he was able and willing to pay off the second mortgage, the accrued interest on the two thousand dollars, and the taxes due; for we think, under the offer, it was King's option to say whether he would pay the bonus in a note instead of cash. Had this been accepted by defendant, King would have been left with cash sufficient to put the title in the required condition. In one respect, however, the offer of defendant was not complied with. No abstract was furnished or offered, showing title in King. This was a condition of defendant's offer. To have bound him, his proposition should have been accepted strictly according to its terms. *Gilbert v. Baxter,* 71 Iowa, 327. We grant that plaintiff's commission was earned as soon as he found a purchaser able and willing to buy on the terms proposed. *Boland v. Kistle,* 92 Iowa, 369; *Hanna v. Collins,* 69 Iowa, 51. The fact that his principal refused to sell to the customer produced will not defeat his right. *Ford v. Easley,* 88 Iowa, 603. But, if it appears the sale fell through because of some fault of the intended purchaser, no commission is earned, for then the agent has failed to find a buyer able and willing to accede to the proposed terms. As we have said, no abstract of title was produced or offered, and it was a part of defendant's proposition that one should be furnished. He had a right to insist that his proposition was not accepted until this was done. For this reason, we think the verdict was properly directed, and the judgment will be AFFIRMED.