OF

## THE STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, A. D. 1901.

AND IN THE FIFTY-FIFTH YEAR OF THE STATE.

---

JAMES WALTON v. JAMES E. DORE *et al.*, Appellants.

**Agency:** AGREEMENT TO BUY JUDGMENT: *Consideration.* Mere permission from a judgment debtor to a third party to purchase the judgment against him, without furnishing any money therefor, or agreeing to take the judgment after the purchase, or to pay anything for the services, and such party's promise to do so, do not constitute such third party an agent for the purchase, obligating him to transfer the judgment to the debtor on being reimbursed the amount paid.

*Appeal from Howard District Court.*—HON. L. E. FELLOWS, Judge.

FRIDAY, JANUARY 18, 1901.

---

NOTE—The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

ACTION in equity to enjoin the enforcement of a judgment against plaintiff. From an adverse decree, defendants appeal.—*Reversed.*

*John McCook* for appellants.

*C. C. Upton* for appellee.

WATERMAN, J.—Plaintiff sets out the following state of facts as constituting his cause of action: The firm of Dunham, Buckley & Co. had a judgment against plaintiff, which had stood for many years. In October, 1897, he employed defendant Dore to purchase said judgment in his (plaintiff's) interest. Dore bought the judgment at a discount, taking an assignment in his own name, and then made an assignment of it to defendant Stinson. Stinson has caused an execution to issue and be levied on property of plaintiff. This action is brought to restrain the sale under execution, and secure the cancellation of the judgment on the payment to defendants of the amount paid by Dore for it, with reasonable compensation for his services. In reaching our conclusion we take mainly the testimony of plaintiff as to what occurred between him and defendant Dore. A few incidental matters to which we refer are undisputed. Dore, with whom plaintiff was wholly unacquainted, owned or had charge of the collection of another judgment against plaintiff. Dore lived in St. Paul, Minn. Plaintiff was a resident of Howard county, in this state. Dore came to see plaintiff, and, while investigating plaintiff's financial condition, discovered on the records of Howard county the judgment held by Dunham, Buckley & Co. Dore arranged the matter he came for, and then, as plaintiff tells the story, this occurred: "He (Dore) called me behind the stacks, and said he felt sorry for me, and would buy that (the judgment of Dunham, Buckley & Co.) up as cheap as he could. He thought he could get it for 25 cents on the dollar. I told him to go ahead and do so. The

conversation was behind the oat stacks on my farm.  Q.
You say that he said he would buy it up for you if you
wanted him to ?   A.   Yes, sir."   Now, we shall accept this
statement of the transaction as correct.   This was in Sep-
tember, 1897.   Dore bought the judgment in March, 1898.
Is it plaintiff's property, subject only to his reimbursing
Dore for what he paid, and giving him a reasonable com-
pensation for his trouble ?   Plaintiff gave Dore no money
with which to buy the judgment.   He did not, except by
implication, agree to take it off his hands when purchased,
or to pay anything for Dore's services.   Dore was not even
to buy it in plaintiff's name.   Indeed, it must have been
understood that he was not to attempt doing so, for the whole
scheme would have been thereby defeated.   The judgment
creditors would hardly have discounted the judgment to the
debtor.   To our minds, the whole transaction appears to be
nothing more than a promise by Dore to make a gift of
a part of the debt to plaintiff, and such a promise he was
not obliged to carry out.   It is thought by appellee that
Dore was the agent of plaintiff.   But this position cannot
be sustained.   It is manifest that, in treating with Dun-
ham, Buckley & Co., Dore was not to appear as acting for
plaintiff.   The success of the transaction, as the evidence
clearly shows, was dependent on the fact being kept secret
from the judgment creditors that plaintiff had any interest
in the purchase of the judgment.   It is very questionable
whether the subject matter of the alleged agency was lawful,
but we do not rest our conclusion on this ground.   An
agent is one who derives authority from another to do a
certain act.   Evans, Principal & Agent, 1.   What authority
did Dore get from plaintiff ?   After the conversation with
plaintiff to which we have referred, what power had Dore
that was not possessed by him before that time ?   He always
had the right to buy this judgment in his own name with
his own money, nor was any restriction put upon plaintiff
by the creation of this so-called "agency."   He was still at

liberty at any time to step in and pay Dunham, Buckley & Co. the amount due on the judgment. If Dunham, Buckley & Co. had transferred the judgment to Dore in the belief that the purchase by him was for plaintiff's benefit, and intending that it should be so, or if plaintiff had lost some right he possessed by placing the matter in Dore's hands and relying upon his purchasing the judgment, there might be some foundation for plaintiff's case. But no such facts are to be found here. Agency arises out of contract. We have no contract in this transaction; nothing but a naked promise on Dore's part, which the law does not oblige him to keep. The judgment must be REVERSED.