[No. 6200. Decided August 8, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. CLINTON BUCHANAN, *Appellant.*[1]

CRIMINAL LAW—EMBEZZLEMENT—EVIDENCE—SUFFICIENCY.   Upon a prosecution for embezzlement, there is sufficient evidence to sustain a conviction where it appears that the prosecuting witness paid the defendant $260 for the purpose of erecting or procuring a windmill and pump, the prosecuting witness testifying that he did not contract with the defendant to erect the same, but merely intrusted him with the money for the purpose of purchasing them, expecting to remunerate him for his services thereafter, which money the defendant converted; although this evidence was uncorroborated and was contradicted by the defendant.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered November 3, 1905, upon a trial and conviction of the crime of embezzlement. Affirmed.

*Oscar Cain,* for appellant.

*Lester S. Wilson,* for respondent.

FULLERTON, J.—The appellant was convicted of the crime of embezzlement. He appeals from the judgment pronounced

[1]Reported in 86 Pac. 650.

against him, and assigns as error that the evidence was insufficient to justify a conviction.

It appears from the record that the prosecuting witness owned a farm situated on Snake river in Walla Walla county, on which he was desirous of having erected a windmill and pump. He talked with the appellant concerning his desires, and the appellant, after making certain measurements and inquiries, undertook to procure one for him, stating that the same would cost $260. The prosecuting witness thereupon handed the appellant that sum of money, which the appellant thereafter converted to his own use. The controversy is over the nature of the undertaking assumed by the appellant. He contends that he contracted with the prosecuting witness to erect a windmill and pump for him on his farm for the sum named, and that the money was his own when handed him by the prosecuting witness, while the state undertook to show that the money was entrusted to him by the prosecuting witness for the purpose of purchasing a windmill and pump, and was, until expended for that purpose, the property of the prosecuting witness. There were no witnesses to the transaction other than the principals, and but little corroborating evidence from other sources, but the prosecuting witness himself, on cross-examination made certain admissions which tended to corroborate the appellant, and it is on these admissions that the appellant largely relies for his vindication. In his examination in chief, and in his subsequent examination, however, the prosecuting witness testified that he did not contract with the appellant to erect a windmill and pump, but merely entrusted the money to him for the purpose of purchasing them, expecting to remunerate him for his services afterwards. We think, therefore, that the court properly submitted the question to the jury, and that we would not be warranted in disturbing their verdict.

The judgment is affirmed.

MOUNT, C. J., CROW, RUDKIN, and DUNBAR, JJ., concur.