[No. 8319. Department Two. December 11, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES J. NILSON, *Appellant*.[1]

EMBEZZLEMENT—BY AGENT—EVIDENCE—ADMISSIBILITY. In a prosecution for the embezzlement of money sent to the defendant to pay taxes on the land of the prosecuting witness, the land having been left in charge of the defendant, it is relevant and pertinent for the state to show that the defendant witnessed a deed purporting to convey the land and knew of the change in title, and had not used the money for the purpose for which it was sent.

SAME—EVIDENCE—SUFFICIENCY. The evidence is sufficient to sustain a conviction for embezzlement, where it appears that defendant received a certain sum of money for the specific purpose of paying taxes on land, and failed to use it for that purpose and deceived his principal in the matter.

SAME—EVIDENCE—ADMISSIBILITY—CRIMINAL LAW—BEST AND SECONDARY EVIDENCE. In a prosecution for the embezzlement of money sent to pay taxes, certified copies of tax receipts made from the originals in the treasurer's office, showing the payment of the taxes by others, are competent to show *prima facie* that defendant did not pay the taxes, where the treasurer testified that he paid no taxes; and the same are not subject to the objection that the defendant was not confronted with the witness against him.

SAME—EVIDENCE—ADMISSIBILITY—INSTRUCTIONS. In a prosecution for embezzlement of money sent to pay taxes on land left in charge of the defendant, evidence in regard to a deed of the land to another, and defendant's knowledge thereof, is properly submitted to the consideration of the jury in so far as it had a tendency to show the guilty knowledge of the defendant, who deceived the prosecuting witness in receiving the money for a specific purpose.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 7, 1909, upon a trial and conviction of the crime of larceny by embezzlement. Affirmed.

*E. F. Kienstra*, for appellant.

*George F. Vanderveer* and *F. H. Holzheimer*, for respondent.

[1] Reported in 105 Pac. 829.

19—56 WASH.

MOUNT, J.—Appellant was convicted of the crime of larceny by embezzlement. He appeals from the judgment and sentence pronounced thereon, and argues that the court erred, (1) in permitting the prosecuting attorney, in his opening argument to the jury, to say that, "We will show you further in this case that Mr. Johnson was led to believe in all these years that he owned this property—which he does own—and we will show you by the testimony that in 1902, in reference to this particular land in Lewis county, Charles J. Nilson sold this land to John Erickson of this city for a considerable sum of money"; (2) in denying defendant's motion for a dismissal of the case and the discharge of the defendant; (3) in admitting in evidence transfers of the Lewis county property as materially bearing upon the guilt of the defendant as charged and as a part of the *res gestae;* (4) in admitting in evidence certain certified tax receipts; and (5) after instructing the jury to disregard all the evidence of transfers of the land, in making an exception as follows: "Except in so far as such evidence may or may not have the tendency to show guilty knowledge on the part of the defendant in this case."

The evidence shows that the prosecuting witness, Albert Johnson, about the year 1897, owned a quarter section of land in Lewis county. He went to Alaska about that time, and authorized the appellant to look after the land for him. Each year he would send to the appellant money with which to pay the taxes on the land. In the year 1908, he sent the appellant the sum of $30.40 with which to pay the taxes then due. Later, Johnson discovered that appellant had not paid the taxes, and that the record title of the land had not stood in his name since the year 1902; that appellant had knowledge of that fact, and had not used the money for the purpose for which it was sent to him.

The prosecuting attorney, in his opening statement to the jury, used the language quoted above in stating the first point, and appellant argues that the facts there stated were

irrelevant and incompetent and tended to prejudice the jury. The facts stated were clearly relevant and competent. The money which appellant was charged with embezzling was sent to him by the prosecuting witness for the purpose of paying taxes on this particular land. The prosecuting witness believed he owned the land. He had no notice that any change in the title had taken place. Appellant was a witness to the deed which purported to have been executed by the prosecuting witness, and knew the facts in relation to the change of record title. The evidence was relevant and competent to show such knowledge, and also to show the circumstances under which the money was sent to the appellant. There was, therefore, no error in permitting the statement, or in receiving evidence in support thereof.

There was no error in denying the appellant's motion for dismissal. The evidence clearly shows that the appellant received the money, $30.40, for a specific purpose, and that it was not used for that purpose; also that he deceived the prosecuting witness in regard thereto.

It is claimed that the court erred in receiving in evidence certain certified tax receipts. These receipts show that certain taxes had been paid by persons other than the appellant. It is claimed that the persons paying these taxes should have been produced as witnesses, and that the copies of the receipts are not made from the original thereof. The county treasurer was called as a witness and testified that no taxes had been paid by the appellant. The copies of the receipts show that they were made from the originals in the treasurer's office. They were clearly competent to show *prima facie* who paid the taxes, and are not subject to the objection that the appellant was not confronted with the witnesses against him.

The court gave the following instruction:

"I instruct you to disregard all evidence in the case in regard to the transfers between the defendant and persons other than the prosecuting witness, Albert Johnson, and dis-

regard all the evidence concerning the sale of said land from the prosecuting witness to John Erickson, excepting so far as such evidence may or may not have a tendency to show guilty knowledge on the part of the defendant in this case."

Appellant contends that the exception was erroneous, and nullifies the former part of the instruction. This contention is based upon the theory that all such evidence was inadmissible. But we have seen above that the evidence was admissible, not for the purpose of proving an independent crime, but for the purpose of showing that the prosecuting witness was not liable for taxes if the land was regularly sold; and if the sale was irregular by reason of fraud or deceit, the appellant knew this fact, and in either event deceived the prosecuting witness and thereby received the money for a particular purpose by reason of such deceit.

We find no error in the record, and the judgment must therefore be affirmed.

RUDKIN, C. J., DUNBAR, and CROW, JJ., concur.