C. H. JOHNSON, Appellee, v. JOHN BUCKLEY, Appellant.

TRIAL: Instructions—Form, Requisites and Sufficiency—Admitted
1 Counterclaim. A charge which, throughout, treats a counterclaim as admitted, is not insufficient because the court did not tell the jury that it was admitted in the pleading.

BROKERS: Compensation—Action—Evidence—Sufficiency. Con-
2 flicting evidence reviewed, and held to present a jury question on the issue whether a broker was entitled to a commission.

*Appeal from Cherokee District Court.*—W. D. BOIES, Judge.

FRIDAY, JUNE 22, 1917.

ACTION by plaintiff to recover commission for a sale of real estate. Verdict and judgment for part of amount claimed. Defendant appeals.—*Affirmed.*

*J. A. Miller,* for appellant.

*Molyneux & Maher,* for appellee.

SALINGER, J.—I. Plaintiff alleges that he entered into oral contract with the defendant that plaintiff was to attempt to procure a purchaser for the defendant's farm of 200 acres at $80 an acre, and, if he procured such purchaser, he should receive $1 an acre; that there was further agreement as to certain town property owned by defendant, being that plaintiff was to attempt to procure a buyer for said property, at a price and terms agreeable to defendant,

and, if successful in this, was to receive $50 for this ser-
vice. It is alleged further that plaintiff procured one Ma-
honey as a purchaser, who, at the instance and request of
plaintiff, inspected the farm of defendant; that plaintiff
accompanied Mahoney to the farm; that Mahoney bought
the farm for $85 an acre, and also entered into contract of
purchase of said town property, at a price and on terms
agreeable to defendant. Judgment for $250, with inter-
est from September 20, 1910, is prayed. The answer is a
general denial. There was a counterclaim, to which ref-
erence will be made later. Plaintiff had verdict and judg-
ment for $50, and defendant appeals.

II. To the claim of plaintiff, defendant
1. TRIAL: in-
structions:
form, requisites
and sufficiency:
admitted coun-
terclaim.
interposed a counterclaim, based upon a
promissory note given by plaintiff to defend-
ant. Plaintiff made no defense to the coun-
terclaim. Defendant complains that the
court failed to instruct the jury that the counterclaim was
admitted in the pleadings. The entire charge treats the
note as admitted, and tells the jury to use all of it as an
offset to anything it may find plaintiff is entitled to on the
claim sued upon by plaintiff. We think the complaint is
not well made.

III. The parties as witnesses state as a
2. BROKERS: com-
pensation: ac-
tion: evidence:
sufficiency.
conclusion, respectively, that there was a
contract between them, and that there was
not. Others testify that they heard that
from which a jury might decide that there
was such a contract as plaintiff claims. Defendant denies
that he said this in the hearing of these others. He also
gives his version of what he did say at that time, and at
others. There is testimony upon which a jury might well
have found that some circumstances militated against plain-
tiff's claim, and that an agreement was made between him
and defendant in regard to his claim concerning what he did

for defendant. For instance, it appeared that plaintiff made claim for commission quite a long time after the transaction in which he claimed a commission had been closed; that he had no charge on his books against the defendant; that he borrowed money of him at a time when, in one view, he had more coming in commission that he was borrowing of defendant and giving defendant his note for. On the other hand, plaintiff explains this by saying that, as he construed matters, his commission was not due when he gave said note.

Appellant claims there was not sufficient testimony that plaintiff was ever authorized to act for defendant. We do not so view the record. We think this question was fairly for the jury and properly submitted to it, and that its finding thereon for the plaintiff concludes us.

VI. Much the same situation exists on the question as what plaintiff did for defendant, and, consequently, how much there is due from defendant to plaintiff. Here, again, the parties testify by stating conclusions, the owner claiming in testimony that the agent had nothing to do with the sale, and was in no wise effective in procuring it, while the plaintiff gives his conclusion that he had very much to do with it, and that without his intervention it would never have been made. The same situation is exhibited concerning the sale of the town property. It is not disputed that the buyer first learned from the alleged agent that the property which he afterwards bought was for sale; that the plaintiff negotiated with him, took him to his house preparatory to going to see the owner; and that the two went over the land; and that afterwards all three did. The buyer testifies, in effect, that he would never have bought the Buckley farm had it not been for the initiative of the plaintiff; that he certainly would not have made this particular purchase without that intervention and initiative. It seems to be without dispute that, at one time

at least, the defendant desired plaintiff to see one Harshbarger with reference to buying, having heard that a sale might be made to Harshbarger. As is quite usual, there is testimony that, after the alleged agent brought the buyer to whom a sale was made, the owner modified terms that he had theretofore been insisting upon. On the other hand, there is the equally usual line of testimony that the one now claiming to have been an agent didn't tell the buyer, in so many words, that he was an agent, until after the sale was made; and testimony by the defendant that he didn't think plaintiff was an agent when he came to him with a purchaser, and that the agent did no talking while the buyer and owner were' together in his presence. It may be said in this connection that the owner did know, when the buyer and plaintiff came to him, that these two had all the night before been together at the house of the plaintiff. It appears fairly that the sale of the town property was in fact contemporaneous with the sale of the farm, and at least agreed upon at the same interview, and while the buyer and agent were present.

We think that *Kelly v. Stone,* 94 Iowa 316, *Rounds v. Allee,* 116 Iowa 345, *Hanna v. Collins,* 69 Iowa 51, and *Clements v. Stapleton,* 136 Iowa 137, fairly sustain us in holding that plaintiff had a sufficient case to go to the jury. We are of opinion that *Gilbert v. Baxter,* 71 Iowa 327, does not militate against this, and that *Storm Lake Bank v. Missouri Valley Life Ins. Co.,* 66 Iowa 617, *Walton v. Dore,* 113 Iowa 1, *Whitam v. Dubuque & S. C. R. Co.,* 96 Iowa 737, *Armil v. Chicago, B. & Q. R. Co.,* 70 Iowa 130, *John Gund Brewing Co. v. Peterson,* 130 Iowa 301, and *Milligan v. Davis,* 49 Iowa 126, cited by appellant, have no relevancy to any matter in review here.

It follows that we must overrule the contention that the record does not contain sufficient evidence to sustain

the claim of plaintiff. Wherefore, the judgment of the trial court must be, and is,—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.