[No. 14258.   Department Two.   January 15, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM HATUPIN, *Appellant*.[1]

CRIMINAL LAW—INTENT—EVIDENCE — ADMISSIBILITY.  On a trial for embezzlement of money collected for the prosecuting witness, who, in contemplation of a settlement, had made affidavit that she did not think defendant intended to defraud her, it is not error to allow her to explain the affidavit and statements therein.

CRIMINAL LAW—APPEAL—HARMLESS ERROR.  It is not prejudicial error to permit evidence that the prosecuting witness had been sick and in bed a long time prior to the trial.

EMBEZZLEMENT — EVIDENCE — SUFFICIENCY — DEGREE OF OFFENSE. Upon a prosecution for embezzlement of $29 collected by defendant, where there was evidence that defendant was entitled to a fee of $5, and had converted but $24, a conviction of petit larceny is sustained.

CRIMINAL LAW—SENTENCE—EXCESSIVE PUNISHMENT.  A fine of $300 and imprisonment in the county jail for one year is not excessive punishment on conviction of embezzling $24; since it was clearly within the discretion of the trial court.

Appeal from a judgment of the superior court for King county, *Mackintosh, J.*, entered November 25, 1916, upon a trial and conviction of larceny.   Affirmed.

[1]Reported in 169 Pac. 966.

*Robert W. Waite* and *John F. Dore*, for appellant.

*Alfred H. Lundin, Everett C. Ellis*, and *Joseph A. Barto*, for respondent.

MOUNT, J.—The appellant was convicted of the crime of larceny, on an information charging him with feloniously converting to his own use $29, the property of Chrysanthe Girassemos. It was admitted at the trial that the prosecuting witness engaged the appellant to collect for her a note for $25 and interest. After endeavoring to collect the note, appellant placed it with an attorney, who brought suit upon the note and recovered judgment for the face of the note, costs, attorney's fees and interest. Thereafter the attorney collected a portion of the judgment, and after taking out his fees, turned over $5 to the appellant. Later, appellant collected $24 from the judgment debtor, that being the balance due upon the judgment. This money was never paid to the prosecuting witness. Upon a trial of the case to a jury, the appellant was found guilty of petit larceny, and thereafter sentenced to pay a fine of $300 and serve one year in the county jail. This appeal is from that judgment.

The appellant urges three points for a reversal, as follows: (1) Error in the admission of testimony; (2) insufficiency of the evidence to justify a verdict of petit larceny; and (3) excessive judgment. We shall briefly notice these contentions. Upon the trial, counsel for the appellant demanded of the prosecuting attorney an affidavit which was made by the prosecuting witness after the action was begun. In this affidavit the prosecuting witness stated that she had become convinced that the appellant did not intend to defraud her of the money. While she was on the stand, counsel for the state asked her several questions referring to this affidavit, and whether she had become convinced that the appellant did not intend to defraud her. The court permitted her to answer these questions. It is plain from the record that the prosecution was here endeavoring to anticipate a

cross-examination by counsel for the appellant. It is, no doubt, true that the intention of the appellant was a necessary ingredient of the crime charged, but that intention is to be inferred from all the facts and circumstances surrounding the case. It was shown upon the trial that this affidavit was made by the prosecuting witness in view of a settlement which she had been invited to make after the prosecution was commenced. The settlement, however, was never made, and she retained the affidavit in her possession. We are satisfied, under the circumstances here shown, that it was not error to permit her to explain the affidavit and her statements therein made.

It is next contended that the court erred in receiving evidence from the prosecuting witness to the effect that she had been sick and in bed a long time prior to the trial. We think there was no prejudicial error in any of this testimony.

It is next contended by the appellant that there is no justification for a verdict of petit larceny, because it is conceded that the appellant received $29 in money belonging to the prosecuting witness, and that, because the jury returned a verdict of petit larceny, they necessarily found that the appellant was not guilty of grand larceny; and it is argued that there can be no conviction in the case. There is evidence in the record which shows that the appellant claimed $5 for his fees for making the collection. The jury evidently concluded from this that $5 of the $29 belonged to the appellant as his fee for the collection, and that, since $24 was all that the appellant had converted to his own use, he was therefore guilty of petit larceny only. We think there is no merit in the contention that there was no evidence upon which a verdict of petit larceny could be maintained.

Appellant also argues that the evidence is insufficient to justify a verdict for petit larceny, because the appellant had become obligated to pay a doctor's bill for the prosecuting witness and was authorized to retain the $29 until the

doctor's bill was paid. A reading of the evidence convinces us that he did not obligate himself to pay the doctor's bill until after the prosecution was commenced. At best, this was a matter of defense and made a question of fact for the jury.

It is next argued that the judgment and verdict are excessive. The sentence was clearly within the discretion of the trial court, and we are not convinced that it is excessive.

We find no reversible error in the record, and the judgment is therefore affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and HOLCOMB, JJ., concur.