[No. 14482.   Department One.   January 16, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v. COLIN
CAMPBELL, *Appellant*.[1]

EMBEZZLEMENT—ELEMENTS—"AGENT." The delivery of a note
and mortgage to one for the purposes of collection, makes him the
agent of the owner, within the statute defining embezzlement by an
agent.

SAME—INTENT—EVIDENCE—SUFFICIENCY. In a prosecution for the
embezzlement of the proceeds of a note and mortgage delivered to
the accused for the purpose of collection, intent to deprive the
owner of the property is sufficiently established by the fact that
accused sold the note and mortgage to a third person and converted
the proceeds to his own use.

SAME—DEFENSES—SETTLEMENT. It is no defense to a prosecu-
tion for embezzlement that the accused subsequently settled the
matter with the victim.

Appeal from a judgment of the superior court for Spokane
county, Sullivan, J., entered December 8, 1916, upon a trial
and conviction of grand larceny.   Affirmed.

*Crandell, Williams & Crandell (John Saulsbury,* of coun-
sel), for appellant.

*John B. White,* for respondent.

WEBSTER, J.—Appellant was convicted of the crime of
grand larceny, and brings the record here for review. The
sole question for determination is the sufficiency of the evi-
dence to support the verdict.

The information charges that the appellant, on or about
October 2, 1914, being the agent of one Bertha Fuchs, was,
by virtue of such agency, intrusted with a certain note and
mortgage executed by Eugene V. Wilson and wife of the
value of $1,250, the personal property of said Bertha Fuchs,
and that he did then and there unlawfully, feloniously and

[1]Reported in 164 Pac. 968.

with intent to defraud, convert the same and the proceeds thereof to his own use.

The testimony, while conflicting, warranted the jury in finding these facts: On or about June 24, 1913, Bertha Fuchs, for the purpose of investment, purchased the Wilson note and mortgage from the Colin Campbell Security Company, a corporation with which appellant was connected, the principal sum secured by the mortgage becoming due August 1, 1915. On July 2, 1914, appellant called at the home of Mrs. Fuchs and told her the Wilsons desired to pay the debt evidenced by the mortgage, whereupon she delivered to appellant, for the purpose of collection, the instruments mentioned in the information. On the occasion of this visit, appellant also obtained from Mrs. Fuchs an assignment in blank of the mortgage, which she executed and acknowledged before appellant as a notary. Upon request for a receipt for the papers delivered to him, appellant gave Mrs. Fuchs a writing which reads as follows:

"July 2, 1914.

"Rec. of Mrs. B. Fuchs note and mtg. of $1,250 in exchange of a mtg. of $1,250 on lot 3, Blk. 1, Allendale Add.

"Colin Campbell."

On the same day, appellant sold the Wilson note and mortgage to Mrs. Anna H. Munson and delivered to her the assignment of mortgage executed by Mrs. Fuchs, after having inserted therein the name of Mrs. Munson as assignee. Prior to these transactions, appellant had been making loans and collecting interest for Mrs. Fuchs and knew that she was desirous of keeping her funds invested in interest bearing securities. When appellant informed her that the Wilson note and mortgage was about to be paid, he assured her that she could reinvest the amount collected in the mortgage on the Allendale addition property referred to in the receipt of July 2, 1914, if she desired to do so. Appellant then told Mrs. Fuchs if she would come to his office in a few days he would turn over to her the amount collected from the Wilsons.

Neither appellant nor the Colin Campbell Security Company ever owned the mortgage on the Allendale addition property, and it was never in the power of either to deliver the same to Mrs. Fuchs. On a number of occasions Mrs. Fuchs demanded of appellant the amount collected from Wilson and wife— she believing that the note and mortgage had been paid by them—but appellant insisted he had not received the money. Subsequently Mrs. Fuchs discovered that the note and mortgage had been sold and assigned to Mrs. Munson.

It is first insisted that appellant purchased the note and mortgage, agreeing to give Mrs. Fuchs in exchange therefor the mortgage on the Allendale addition property, and consequently the relation of debtor and creditor existed between the parties. This issue was submitted to the jury under instructions which were eminently fair to appellant, and was resolved in favor of the state.

It is next contended that, in any view of the evidence, the relation of principal and agent between Mrs. Fuchs and appellant was not established. The evil at which the statute defining larceny by embezzlement is leveled is not confined to instances where the agency involved is of long duration or is broad and comprehensive in scope. If, at the time of the felonious and fraudulent conversion, the accused was an agent for a particular purpose only, and the property appropriated was intrusted to him by virtue of such agency, it is sufficient. It is not the nature and extent of the authority conferred, but the fact of the relationship which constitutes an essential element of the crime. If the note and mortgage were delivered to appellant for collection, there can be no question but that he was an agent within the meaning of the statute. *State v. Barter*, 58 N. H. 604; *State v. Fraley*, 71 W. Va. 100, 76 S. E. 134, 42 L. R. A. (N. S.) 498; *Wynegar v. State*, 157 Ind. 577, 62 N. E. 38.

It is next urged that there was no direct and specific evidence tending to prove an intent on the part of appellant to deprive Mrs. Fuchs of her property. No instrument has yet

been invented by means of which the inner workings of the human mind may be revealed; hence criminal intent, in the vast majority of cases, is not capable of direct and positive proof. In the absence of an express declaration thereof, a criminal purpose can only be established as an inference from action and conduct—the external manifestations of design. Since, in embezzlement, the necessary effect of the wrongful conversion is to deprive the owner of his property, the act of appropriation gives rise to the inference that the perpetrator intended the inevitable result of his conduct. In this case, the intent to defraud was evidenced by the act of the appellant in selling the note and mortgage to a third person and converting the proceeds to his own use or to the use of Colin Campbell Security Company, instead of faithfully executing his trust by collecting the amount secured by the mortgage and accounting therefor to Mrs. Fuchs. *State v. McCawley* (Mo.), 180 S. W. 869; *State v. Lentz,* 184 Mo. 223, 83 S. W. 970; *People v. Meadows,* 199 N. Y. 1, 92 N. E. 128; *State v. Duerksen,* 8 Okl. Cr. 601, 129 Pac. 881, 52 L. R. A. (N. S.), 1013.

Lastly, it is argued that appellant made a settlement with Mrs. Fuchs by delivering to her other securities for the money received from the sale of the note and mortgage. We shall not go into the evidence on this point. It is in sharp conflict, and the instructions covering this branch of the case were more favorable to appellant than he had any reason to expect. A subsequent attempt on the part of appellant to make amends by settling with the victim of his crime could not, and should not, bar or impede the right of the state to enforce its laws. This is a prosecution for the violation of a penal statute; not a civil action for fraud and deceit.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.