STATE OF IOWA, Appellee, v. C. H. REYNOLDS, Appellant.

No. 39730.

DECEMBER 13, 1929.

*Walter Koerner*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

WAGNER, J.—The indictment charges the defendant with the crime of larceny by embezzlement, which crime is defined by Section 13031 of the Code, 1927.

The question presented by the appellant is as to whether or not the jury should have been allowed to find that, at the time in question, the defendant was the agent of Diamondis Varagian,

the owner of the money, and as to whether the evidence is sufficient to establish said relationship.

The defendant's business was that of a real estate and loan agent. On July 6, 1927, Thomas Heim, the owner of a residence property located at 1451 Mt. Pleasant Street in the city of Dubuque, was desirous of obtaining a $1,500 mortgage loan upon his property, and authorized the defendant to procure the loan for him. The defendant made inquiry of one Pappas as to whether or not he could make a loan of $1,500. Pappas informed the defendant that he had no money, but that he had a cousin, Varagian, who had some money; and the request for the loan was made known to Varagian, who, with Pappas and the defendant, entered the defendant's automobile, and went to two banks, where Varagian obtained $1,500 in currency; and then the three went to inspect the property, in order that Varagian might ascertain whether a first mortgage thereon would be ample security for a loan of that amount. It is apparent that Varagian is somewhat handicapped by not being able to readily speak the English language, and because thereof, Pappas assisted in the negotiations. Varagian became satisfied that a first mortgage upon the Heim property would be sufficient security for the $1,500 loan. As they sat in the defendant's automobile, in front of the Heim property, the defendant requested that Varagian deliver to him the money, and call the next morning to. get the mortgage. In compliance with the request, Varagian delivered to the defendant the $1,500 in cash, and told the defendant "to get a first mortgage on that property for $1,500. I told Reynolds myself, to get a first mortgage with that $1,500, and George Pappas told him that too." The talk between the defendant and Varagian was that the loan was to run for one year, and bear interest at 6 per cent. At the time when the $1,500 in cash was delivered to the defendant, he gave the following receipt:.

"Dubuque, Iowa, July 6, 1927.
"Received of Diamondis Varagian Fifteen Hundred Dollars for Mt. Pleasant Street loan. 1 year 6%.

"C. H. Reynolds."

About 9 o'clock the next morning, Pappas called at the defendant's office, expecting to get the mortgage for Varagian, and was informed by the defendant that he came early, and he had

not gotten around to it as yet. Numerous demands have been made upon the defendant, without avail, as to obtaining from him either the mortgage or the money. Heim testified that, although he had authorized the defendant to procure a mortgage loan of $1,500, he has never executed a mortgage. Heim and Varagian were not brought together in the deal.

The foregoing constitutes substantially all of the testimony relative to the proposition presented. At the close of the State's evidence, the defendant moved for a directed verdict, upon the ground that the evidence fails to show that he was the agent of Varagian. This motion was overruled, and was renewed at the close of all the evidence, and again overruled; and this action by the trial court is what is presented by the appellant for our determination.

The indictment charges that the defendant was the agent of Varagian. Should the jury, under the record, be allowed to find that the defendant was such agent?

"The crime of embezzlement embraces all of the elements of larceny, except the actual taking of the property or money embezzled." *State v. Baldwin,* 70 Iowa 180.

"An agent is one who derives authority from another to do a certain act." *Walton v. Dore,* 113 Iowa 1.

" 'Agency' in its broadest sense includes every relation in which one person acts for or represents another by his authority." 2 Corpus Juris 419.

"The relation of agency does not depend upon an express appointment and acceptance thereof, but it may be, and frequently is, implied from the words and conduct of the parties and the circumstances of the particular case * * *, and if it appears from such facts and circumstances that there was at least an implied intention to create the relation, it will by implication be held to exist." 2 Corpus Juris 435, 437.

"The relation of principal and agent does not depend upon an express appointment and acceptance thereof, but it may be implied from the words and conduct of the parties and the circumstances of the case." 31 Cyc. 1217.

"It is not essential that any actual contract should subsist between the parties, or that compensation should be expected by the agent * * *." 21 Ruling Case Law 819.

"Direct evidence is not indispensable,—indeed, frequently is not available,—but instead, circumstances may be relied on, such as the relation of the parties to each other and their conduct with reference to the subject-matter of the contract." 21 Ruling Case Law 820.

For discussion as to some of the principles expressed in the foregoing authorities, see *Burlington Sav. Bank v. Prudential Ins. Co.*, 206 Iowa 475, and *Kann v. Fish*, 209 Iowa 184.

In *State v. Campbell*, 99 Wash. 502 (169 Pac. 968), it is aptly stated:

"The evil at which the statute defining larceny by embezzlement is leveled, is not confined to instances where the agency involved is of long duration, or is broad and comprehensive in scope. If, at the time of the felonious and fraudulent conversion, *the accused was an agent for a particular purpose only, and the property appropriated was intrusted to him by virtue of such agency, it is sufficient.*" (The italics are ours).

It frequently happens that one may be the agent of one party for one purpose, and agent of another party, connected with the same deal, for another particular or special purpose. In the instant case, while the defendant may have been the agent of Heim to procure the loan, the jury could well find that he was the agent of Varagian for the particular or special purpose of delivering the money to Heim, upon the execution by Heim, and the receipt by the defendant for Varagian, of the mortgage. It must be borne in mind that, at the time when Varagian delivered the $1,500 in currency to the defendant, Heim had not executed a note and mortgage to anyone, nor has he done so since. If we assume, without deciding, that Heim would have been entitled to the money upon tendering to the defendant a first mortgage upon his property securing the same, it is quite clear that, because of Heim's failure to execute the mortgage, the $1,500 delivered by Varagian to the defendant never became Heim's money. It was not the defendant's money, for the loan was not made by Varagian to him. In any event, until the owner of the property should execute a first mortgage securing the same, which has never been done, it was Varagian's money, in the hands of the defendant. The jury could well find, from the facts and circum-

stances, that the defendant was the agent of Varagian, and that the defendant received the money as such agent for the special purpose of delivering the money to Heim, upon the execution by him of the mortgage and the receipt by the defendant for Varagian of the mortgage. Since Heim has never executed the mortgage, the money which has been embezzled by the defendant has at all times been Varagian's money. Indeed, under the record, any other verdict could hardly have been expected.

We reach the conclusion that the court was not in error in overruling appellant's motion for a directed verdict, and that the evidence is amply sufficient to support the verdict.

For the foregoing reasons, the judgment of the trial court is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.