[No. 23388. Department Two. April 15, 1932.]

THE STATE OF WASHINGTON, *Respondent*, v. C. D. LILIOPOULOS, *Appellant*.[1]

C. D. *Liliopoulos*, for appellant.

*Robert M. Burgunder, Emmett G. Lenihan*, and *Arthur E. Bailey, Jr.*, for respondent.

HOLCOMB, J.—In the court below, appellant was charged by an information filed on January 31, 1931, with the crime of larceny by embezzlement, stated substantially as follows: That, on or about February 1, 1928, and on divers days and dates thereafter, thence continuously to and including January 30, 1931, appellant, being then and there the agent, trustee, bailee and administrator of the estate of George Chounos and Helen Chounos, did then and there have entrusted to him and have in his possession, custody and control

[1]Reported in 10 P. (2d) 564.

as such agent, trustee, bailee and administrator, the sum of \$5,134.74, of the value of \$5,134.74, in lawful money of the United States, the property of Demetrios Chounos, Vassilias M. Chounos and Euthymia Papacosta; and appellant wilfully, unlawfully, fraudulently and feloniously did then and there secrete, withhold and appropriate the same to his own use, with intent to defraud the above-named persons and each of them, thereof.

Appellant pleaded not guilty to the information, and after a trial lasting five days, was found guilty as charged by the jury; whereupon the trial court sentenced him for an indeterminate term of not less than one year nor more than fifteen years imprisonment, which sentence was, by the trial court, of its motion and without any request therefor on the part of appellant, suspended pending further order of the court.

On appeal, under assignments of three errors, appellant urges two propositions: First, that there was no criminal intent on his part shown; second, that, under the proofs, any liability for funds misappropriated by him as charged in the information was barred by the statute of limitations.

The testimony and exhibits in the record are very voluminous, and only a bare outline of the evidence can be or need be given.

Appellant is an attorney at law in Seattle, and was for a number of years an unsalaried consul of Greece. As such consul, he had the right, where there were no citizen heirs qualified to become administrators of the estate of deceased Greek citizens, to be appointed administrator of such estates.

George Chounos, an American soldier of Greek descent, died while in the service of the United States in France in 1917. He left surviving him as heirs his mother and three brothers, all residing in Greece, and

a sister residing in Albania. There being no immediate heirs in the United States qualified to act as administrator of the estate, appellant was appointed by the superior court for King county, in probate, to be administrator thereof. As such administrator, appellant came into possession and custody of $7,426, the proceeds of the United States war risk insurance policy of the decedent, which was the sole asset of the estate. Before this estate was closed, the mother of decedent died, and her estate and the estate of George Chounos were thereafter joined.

On March 21, 1929, appellant filed his final report and petition for distribution, in which he reported under oath that he had then in his possession as administrator the sum of $6,877 for distribution to the heirs of George Chounos, deceased. He petitioned in the same report for an order authorizing him to distribute the balance of the estate then on hand to the three remaining heirs, one of the heirs being then in Seattle, whom he alleged to have already received his share, except the sum of four hundred dollars reserved, and the payment of the rest of the shares to the other sons and daughters was suspended until the conclusion of the administration of the estate of Helen Chounos.

On May 21, 1929, appellant procured an order, prepared by himself, settling the final account and directing the distribution of the estate. It was therein provided that he should deliver the remaining three undivided shares and the balance of the four hundred dollars reserve held by him. He was ordered to file receipts from the heirs within ninety days thereafter.

He failed to file receipts from the heirs within the ninety days, and suit was begun against him and his surety in August, 1929. His surety paid the shares to the Greek heirs, and that suit was dismissed. Appel-

lant made partial restitution by giving the surety company his promissory note and an equity in certain real property owned by him.

For some time prior to 1931, appellant had an apparently honest controversy with the Greek government, concerning certain accounts he claimed due him from that government for services and expenses rendered as an attorney at law respecting workmen's compensation laws in this and other states, and his efforts to secure changes in the Greek laws which would benefit Greek citizens, or heirs, by reciprocal provisions here and in other states. Although appellant was permitted by the trial court to testify at large, and introduce much correspondence concerning this official negotiation, the net result of it was that his superiors, both in Greece and in Washington, D. C., decided against his claims and denied them. Considerable oral testimony and also several translated lengthy letters are in the record to that effect, which are not necessary to set forth. They were all before the jury, as were all the probate records and appellant's denials and explanations of the charge against him.

Appellant raises no question as to the improper admission or exclusion of any evidence, nor does he question the validity of any instruction given by the trial court.

The trial court gave an instruction, requested by appellant, as follows:

"You are instructed that an essential element of the crime with which the defendant is charged is an intention on the part of the defendant to permanently deprive those named in the information as the owners of the money. If, therefrom you do not find, beyond a reasonable doubt, that the defendant intended to permanently deprive those named in the information as

the owners of the money, then your verdict must be not guilty.''

The above instruction was more favorable to appellant than he was entitled to have given. It indicates error, but error against the state. It is not necessary in this state, under our statute, that an accused intended to *permanently* deprive the owners of their money. *State v. Larson,* 123 Wash. 21, 211 Pac. 885; *State v. Black,* 163 Wash. 237, 1 P. (2d) 206.

Nor does the intention of the accused to restore the money or the property at some future time relieve the act of its criminal nature. *State v. Campbell,* 99 Wash. 502, 169 Pac. 968.

It is true that we have held, as in *State v. Ward,* 96 Wash. 550, 165 Pac. 794, that felonious intent is of the essence of the charge of larceny by embezzlement, and without such intent there is no crime of grand larceny. The trial court correctly and positively charged the jury to that effect in an instruction, and also charged in another instruction that, under the laws of this state, if a person converts property to his own use under a bona fide claim of title thereto, he is not guilty of larceny, although the claim of title is not good.

The contention of appellant that he had at all times mentioned more than the sums due the Chounos heirs owing to him from the Greek government, is unimportant, and could not be a valid defense in this case. What the Greek government owed him, had nothing to do with what he owed the Chounos heirs.

The question of what constituted fraudulent intent in a prosecution for larceny by embezzlement has also been considered by us in the following cases: *State v. Boggs,* 16 Wash. 143, 47 Pac. 417; *State v. McCauley,* 17 Wash. 88, 49 Pac. 221, 51 Pac. 382; *State v. Buchanan,* 43 Wash. 400, 86 Pac. 650; *State v. Leonard,*

56 Wash. 83, 105 Pac. 163; *State v. Nilson,* 56 Wash. 289, 105 Pac. 829; *State v. Jakubowski,* 77 Wash. 78, 137 Pac. 448; *State v. Hatupin,* 99 Wash. 468, 169 Pac. 966; *State v. Sullivan,* 129 Wash. 42, 224 Pac. 586; *State v. Sterrett,* 160 Wash. 439, 295 Pac. 182.

All the cited cases are contrary to the contention of appellant, and although there appears to be some variance from our rule of decision in some of the other states, according to cases cited by appellant, which we have considered, we are bound by our statutes and rule of decision, alone.

On the application of the statute of limitations to any amounts alleged and proven to have been appropriated by appellant, the trial court correctly instructed the jury, as requested by appellant, that a prosecution for the commission of the crime of grand larceny must be instituted by the state within three years after the appropriation constituting the larceny; and that, if the jury should find beyond a reasonable doubt from all the evidence that appellant appropriated money belonging to the heirs named within three years, he would be guilty; but that, if the jury found that any appropriation of such money was made by appellant, but found that such act on his part was had and done more than three years prior to January 31, 1931, their verdict must be not guilty.

Under the evidence in the record, the jury had the right to conclude that there was at least the four hundred dollars appellant had previously been ordered to retain during the determination of the taxability of the estate under the state inheritance tax laws, which far exceeds the twenty-five dollars minimum value constituting grand larceny, misappropriated after the order in probate of May 21, 1929. This would be well within the statute of limitations. *State v. Dix,* 33 Wash. 405, 74 Pac. 570; *State v. Boone,* 65 Wash. 331,

118 Pac. 46. The evidence was all for the jury to consider as to what sums belonging to the heirs, if any, had been appropriated and converted in excess of twenty-five dollars.

The record discloses that appellant had a fair trial and before a very considerate trial judge. He was allowed great latitude in presenting his defense, but the jury found against him.

We can find no error in the record, and the judgment is affirmed.

TOLMAN, C. J., MAIN, BEALS, and MILLARD, JJ., concur.