[No. 2759-2. Division Two. March 13, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. HARVEY A. BURNHAM, *Appellant*.

*Jerry M. Makus,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

REED, J.—Defendant Harvey A. Burnham (also known as Raymond D. Rickman), appeals from a conviction of second–degree theft. RCW 9A.56.020(1)(a) and RCW 9A.56-.040.[1] He assigns as error the giving of instruction No. 9, which relates to the intent required to support a theft conviction. We hold that, although the instruction is an incorrect statement of the law, defendant was not prejudiced by the error.

Sometime after 6 p.m. on August 11, 1976, a citizen's band radio and a VHF marine band radio were taken from a boat docked in Westport, Washington. The value of the radios exceeded $250. The next day, as part of a routine investigation, Detective Alvin F. Humphrey of the Seattle Police Department interviewed defendant at a pawn shop

---

[1]Theft is defined in RCW 9A.56.020(1)(a) as follows:

To wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him of such property or services; . . .

One is guilty of theft in the second degree under RCW 9A.56.040(1)(a) if the property exceeds $250 in value, but does not exceed $1,500 in value. Under former statutes the charge would have been couched in the terms of RCW 9.54.010(1), which makes it larceny to take, lead or drive away the property of another with intent to deprive or defraud the owner thereof.

in Seattle where he was attempting to pawn the radios; the radios had not yet been reported missing and the defendant was permitted to leave the shop with the radios.

On August 13, the owner of the boat discovered that the radios had been returned, accompanied by a note from defendant that stated, "I thought it over. Sorry." Later that day, defendant voluntarily appeared at the Westport police station. After speaking with Officer Frederick Bradshaw, and being advised of his constitutional rights, the defendant confessed to the theft.

Defendant was tried on October 25, 1976. The jury returned a verdict of guilty of theft in the second degree. Defendant moved for an arrest of judgment and a new trial on the ground that instruction No. 9 was improper. He claims the instruction did not require that the State prove he acted with the intent to permanently deprive the owner of his property and that he could have been found guilty for simply "borrowing" the radios. The motion was denied and defendant initiated this appeal. Instruction No. 9 reads as follows:

> The phrase "intent to deprive" means the intent to divest the owner of property of control and possession of his property.
>
> It is no defense to a person taking another's property *that he intended* to or did *return it* at a later time.

(Italics ours.)

We agree with defendant's contention that instruction No. 9 is flawed. The common–law rule and the apparent majority rule in this country, is that the intent to steal requires that the defendant act with the intent to permanently deprive the owner of his property. R. Perkins, *Criminal Law* 266 (2d ed. 1969); 52A C.J.S. *Larceny* § 27 (1968); 50 Am. Jur. 2d *Larceny* §§ 35, 36 (1970); *People v. Brown*, 105 Cal. 66, 38 P. 518 (1894).[2] Although this requirement is

---

[2] Although this issue has not been directly addressed in Washington, a number of our prior decisions have referred to the common–law intent requirement. *See, e.g., State v. Franks*, 74 Wn.2d 413, 445 P.2d 200 (1968); *State v. Nelson*, 63 Wn.2d 188, 386 P.2d 142 (1963); *State v. Dennis*, 16 Wn. App. 939, 561 P.2d 219 (1977) (all "joyriding" cases).

satisfied by proof that the defendant acted with an intention to create an unreasonable risk of permanent loss to the owner, *see Taking, and pledging or pawning, another's property as larceny*, Annot., 82 A.L.R.2d 863 (1962), and R. Perkins, *Criminal Law* 267 (2d ed. 1969), a showing that defendant acted only with the intent to borrow the property is not sufficient to support conviction. We believe enactment of RCW 9A.56 did not abrogate the common–law intent requirement and hold that the intent to permanently deprive remains an element of the crime of theft as defined in RCW 9A.56.020(1)(a).[3] The second paragraph of instruction No. 9 incorrectly states the law, for it would permit a finding of guilt even if defendant took the property intending to later return it to the owner.

 Although the use of an erroneous instruction is presumptively prejudicial, *State v. Wanrow*, 88 Wn.2d 221, 559 P.2d 548 (1977); *State v. Golladay*, 78 Wn.2d 121, 470 P.2d 191 (1970), we feel that the record affirmatively establishes that the giving of instruction No. 9 was harmless error, not affecting the final outcome of the case. Officer Bradshaw testified that the defendant admitted that he had taken the radios for the purpose of pawning them because he (the defendant) needed the money. The defendant also told the officer that he had scraped the serial numbers off the radios so that they "wouldn't be traced to him." The defendant did go to a pawn shop in Seattle and apparently decided not to pawn the radios only because of the fortuitous arrival of the Seattle police officers. Even the language of the note that the defendant left with the radios when he returned them supports the view that defendant had

---

[3]We note, however, that Washington has historically permitted convictions for embezzlement to stand without a showing that defendant acted with an intent to *permanently* deprive the owner. *State v. Liliopoulos*, 167 Wash. 686, 10 P.2d 564 (1932); *State v. Larson*, 123 Wash. 21, 211 P. 885 (1923). This is so because not all of the crimes listed in former RCW 9.54.010 would have constituted "larceny" at common law. These "statutory crimes" were lumped by the legislature under the general heading of "larceny" merely for convenience. *Cf. State v. Smith*, 2 Wn.2d 118, 98 P.2d 647 (1939).

planned to steal the radios when he took them; the phrase, "I thought it over. Sorry," clearly implies that his original scheme did not involve the eventual return of the property. Finally, nowhere in the record did we find any indication that defendant only intended to borrow the radios—that is pawn them, redeem them later and return them to the owner—there was no testimony to this effect, nor was any other evidence supporting this theory of the case introduced by the defendant or the State. A determination that the defendant acted with intent to permanently deprive the owner of his property is the only rational conclusion that could be reached after examining the entire record. The jury could have arrived at no other result, and therefore, we find that the giving of instruction No. 9 was harmless error. *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968); *State v. Harstad,* 17 Wn. App. 631, 564 P.2d 824 (1977).

■ Finally, we need hardly note that if defendant had the requisite intent at the time he took them, a subsequent return of the radios is no defense. However laudable repentance may be, a later change of heart is no defense to a completed theft. 50 Am. Jur. 2d *Larceny* § 15 (1970).

Having determined that the giving of instruction No. 9 was not reversible error, we affirm the defendant's conviction.

PEARSON, C.J., and PETRIE, J., concur.

Reconsideration denied April 12, 1978.

Review denied by Supreme Court October 6, 1978.