[No. 17090-2-I.   Division One.   November 24, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. ROGER
PAUL BRITTEN, *Appellant*.

*Annie E. Roberts* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Nicole Mac-Innes, Deputy,* for respondent.

PEKELIS, J.—Roger Britten appeals from his conviction in juvenile court for third degree theft. He contends that the evidence was sufficient only to support a conviction for attempted third degree theft. We disagree and affirm.

Britten was charged by information with theft in the third degree, in violation of RCW 9A.56.050 and 9A.56-.020(1)(a). After a fact finding hearing, he was found guilty as charged. Thereafter, the court entered findings of fact and conclusions of law in support of the conviction. Among these are the following, all of which are unchallenged by the appellant:

1. On October 18, 1984, the State's witness, Barry Clemons was employed and on duty as a security guard for The Bon Marche.

2. On that night Mr. Clemons saw the Respondent in his store around 7:45 in the evening.

3. There was little business in the store, so Mr. Clemons watched the Respondent for some time.

4. The Respondent went in and out of the dressing room with various pairs of pants belonging to the Bon.

5. At one point the Respondent went in with two pairs and came out with one. Then he went back in with several more pairs and stayed in an unusually long time.

6. When the store bagan [*sic*] to close and the respondent still had not come out of the dressing room, Mr. Clemons started going through the dressing rooms.

7. In one room Mr. Clemons found several tags from the same type of pants that the Respondent had taken into the dressing rooms.

8. No other customers had gone into those dressing rooms that late hour.

9. Mr. Clemons continued down the dressing rooms and finally found the respondent standing up on the dressing room bench, crouched over. The Respondent's pants looked bulky.

10. The Respondent was wearing five pairs of Bon Marche pants of the same type that the tags identified completely concealed under the respondent's own pants.

11. The legs of the five pairs of Bon pants were tucked

into the Respondent's socks.

12. The Respondent never paid for or attempted to pay for the pants.

13. On the way to Mr. Clemons' office, the respondent was asked his name and the respondent gave a different name from his own name.

The sole issue raised on appeal is whether the evidence was sufficient to support a conviction for third degree theft.

The test for determining whether evidence is sufficient to support a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.*" *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)).

A person is guilty of theft in the third degree if he commits theft of property which does not exceed $250 in value. RCW 9A.56.050. A person commits theft if he "wrongfully obtain[s] or exert[s] unauthorized control over the property . . . of another . . . with intent to deprive him of such property". RCW 9A.56.020(1)(a). There is no issue as to Britten's intent; the only issue in this case is whether the evidence is sufficient to establish beyond a reasonable doubt that he "wrongfully obtain[ed] or exert[ed] unauthorized control" over property belonging to the Bon Marche.

"Wrongfully obtains or exerts unauthorized control" is further defined in RCW 9A.56.010(7) to include both theft by taking and theft by embezzlement.[1] *See State v. Vargas,* 37 Wn. App. 780, 781, 683 P.2d 234 (1984). Only RCW

---

[1]RCW 9A.56.010(7) states:

"'Wrongfully obtains' or 'exerts unauthorized control' means:

"(a) To take the property or services of another; or

"(b) Having any property or services in one's possession, custody or control as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian, or officer of any person, estate, association, or corporation, or as a public officer, or person authorized by agreement or competent authority to take or hold such possession, custody, or control, to secrete, withhold, or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto".

574

9A.56.010(7)(a), theft by taking, is applicable to this case. The issue, then, is whether any rational trier of fact could have found beyond a reasonable doubt that Britten *took* the jeans.

"Take" means "[t]o lay hold of; to gain or receive into possession; to seize; to deprive one of the use or possession of; *to assume ownership*." (Italics ours.) Black's Law Dictionary 1303 (5th ed. 1979). Britten argues, in essence, that he did not take the jeans because he did not leave the store, or even the dressing room, with them. However, there is strong circumstantial evidence that he removed the tags from the jeans, and it is undisputed that he concealed them under his own clothing. Even though these acts occurred in the dressing room, they were inconsistent with the store's ownership of the jeans. Ample evidence exists from which a rational trier of fact could find beyond a reasonable doubt that Britten *assumed ownership* of the jeans; that is, that he *took* them.

Affirmed.

WILLIAMS and WEBSTER, JJ., concur.