[No. 56229-6.  En Banc.  December 21, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH KOMOK, *Petitioner*.

---

*Theresa B. Doyle* and *Scott G. Busby* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Georgina D. Sierra* and *Peter R. Goldman, Deputies,* for respondent.

SMITH, J.—This case involves the simple question whether Washington's theft statute, RCW 9A.56.020(1), retains the common law requirement of "intent to permanently deprive," although the language of the statute merely states "intent to deprive." We answer that it does not.

Petitioner Joseph A. Komok, age 16, was convicted in the Juvenile Department of the King County Superior Court

under an information charging him with theft in the third degree. The trial court, the Honorable George T. Mattson, found him "guilty" of aiding and abetting his 14–year–old sister in taking a baseball cap, girls' stretch leggings, and a T–shirt belonging to Lamonts, a department store, without permission.[1]

In his findings, Judge Mattson, after reciting details of the taking, stated that "in doing so, the respondent [Petitioner Komok] intended to deprive Lamonts of the property."

Petitioner was sentenced to perform 24 hours of community service and placed under community supervision for 3 months.

The Court of Appeals, Division One, in an opinion by the Honorable Marshall Forrest, affirmed the conviction. That court held that intent to "permanently deprive" is not an element of theft under our statute; that the information properly alleged facts on each element of the offense stated in the statute; and that the trial court made sufficient findings on each element of the offense. *State v. Komok,* 54 Wn. App. 110, 116, 772 P.2d 539 (1989). We agree and affirm the Court of Appeals.

Petitioner Komok claims the information under which he was charged was defective because it did not include the common law language of "intent to permanently deprive," and that the findings of fact made by the trial court were insufficient because they did not specifically include the language indicating that common law element.

On August 24, 1987, Petitioner Joseph A. Komok entered a Lamonts store in West Seattle with his 14–year–old sister. They proceeded to the men's department and looked at merchandise. They did not have any money with them. The security manager, Phil Wineinger, observed their actions.

---

[1]Petitioner's sister was charged with third degree theft arising out of the same activity. She entered into a diversion agreement under RCW 13.40.080 and thus was not before the court for trial.

Petitioner Komok picked up a baseball cap and handed it to his sister. She left the men's department with the cap and proceeded to the girls' department. She picked up leggings and rejoined her brother in the men's department. The security manager observed them standing about a foot apart and "looking around as if to see if there was someone watching them." While petitioner stood facing his sister, she concealed the baseball cap, the leggings, and a T-shirt under the sweatshirt she was wearing.

Petitioner's sister then left the store without paying for the concealed items. Petitioner remained in the men's department. After the sister left the store, Mr. Wineinger stopped her, identified himself as the store security manager, and asked her to come back into the store. Upon reentering the store, the security manager observed petitioner leaving and stopped him. Petitioner and his sister returned to the security office with the manager.

According to Mr. Wineinger, Petitioner Komok said that he and his sister "had come in for school clothes and this was how they got them and just give them a break." Mr. Wineinger advised Mr. Komok that his sister was being detained for "shoplifting." He then notified the police.

The security manager testified for the State at the fact finding hearing for Petitioner Komok. Petitioner and his sister testified that she took the merchandise on her own, even though petitioner told her not to take it.

Petitioner relies on *State v. Burnham,* 19 Wn. App. 442, 576 P.2d 917, *review denied,* 90 Wn.2d 1020 (1978) to support his argument that the theft statute requires intent to permanently deprive. In *Burnham,* the Court of Appeals, Division Two, stated that "enactment of RCW 9A.56 did not abrogate the common–law requirement" and concluded that "the intent to permanently deprive remains an element of the crime of theft as defined in RCW 9A.56-.020(1)(a)." *Burnham,* at 445. This is not necessarily so. *Burnham* principally relied on secondary authority for its conclusion. *See Burnham,* 19 Wn. App. at 444 (citing R.

Perkins, *Criminal Law* 266 (2d ed. 1969); 52A C.J.S. *Larceny* § 27 (1968); 50 Am. Jur. 2d *Larceny,* §§ 35, 36 (1970); *People v. Brown,* 105 Cal. 66, 38 P. 518 (1894)).[2]

█ The Legislature may define crimes. *Seattle v. Buchanan,* 90 Wn.2d 584, 605, 584 P.2d 918 (1978) (citing 22 C.J.S. *Criminal Law* §§ 11, 15 (1961); 21 Am. Jur. 2d *Criminal Law* § 14 (1965)). Where it does so, its statutory definition may supersede common law. *Seattle v. Buchanan,* 90 Wn.2d 584, 605, 584 P.2d 918 (1978) (citing *State v. Benson,* 144 Wash. 170, 257 P. 236 (1927)); *State ex rel. Madden v. PUD 1,* 83 Wn.2d 219, 222, 517 P.2d 585 (1973), *cert. denied,* 419 U.S. 808 (1974).

The theft statute states:

> "Theft" means:
> (a) To wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him of such property or services;

RCW 9A.56.020(1)(a). Under the statute, "wrongfully obtain or exert unauthorized control" means: "(a) To take the property or services of another". RCW 9A.56.010(7).

In the statutory definition of "deprive,"[3] the Legislature made no reference to the common law requirement of intent to "permanently deprive," but acknowledged that

---

[2]*Burnham* noted that no Washington case had held that this was the common law rule in Washington, although some prior "joyriding" decisions in dictum had distinguished larceny from the taking of an automobile without permission of the owner. *E.g., State v. Franks,* 74 Wn.2d 413, 445 P.2d 200 (1968); *State v. Nelson,* 63 Wn.2d 188, 386 P.2d 142 (1963). However, a distinction between larceny and joyriding was made in *State v. Daniels,* 119 Wash. 557, 559, 205 P. 1054 (1922). This court stated that larceny requires proof that the defendant "took the property with intent to deprive or defraud the owner thereof; whereas, one may be guilty of the other offense by merely intentionally taking and driving away the vehicle without permission of the owner . . .". These cases were decided before the 1975 revision of our criminal code.

[3]The only definition of "deprive" is in RCW 9A.56.010(5). After acknowledging the word as including its "common meaning," the statute states that the word also means "to make unauthorized use or an unauthorized copy of records, information, data, trade secrets, or computer programs". RCW 9A.56.010(5). This is apparently a legislative device to incorporate intellectual property into our concept of theft.

the word retains its common meaning in cases not involving theft of intellectual property. RCW 9A.56.010(5). Compare *State v. Bergeron,* 105 Wn.2d 1, 15, 711 P.2d 1000 (1985) (The burglary statute does not require proof of the intended underlying crime, although the common law required it.). *See also* Sutherland, *Statutory Construction* § 27.02 (4th ed. 1984). This case does not involve intellectual property. Under the statute, then, "deprive" retains its common meaning.[4]

■ The Court of Appeals reviewed the legislative history of the theft statute. This is appropriate where legislative intent is not apparent from the language of a statute. *E.g., Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 675 P.2d 592 (1984), *cert. denied,* 471 U.S. 1015 (1985) (citing *Department of Transp. v. State Employees' Ins. Bd.,* 97 Wn.2d 454, 458, 645 P.2d 1076 (1982)).

The present theft statute, RCW 9A.56.020, was included in revision of the criminal code in 1975,[5] the first major revision since 1909. *See* Woodall, *Symposium—The Revised Washington Criminal Code,* 48 Wash. L. Rev. 1 (1972).

As originally introduced, the statute included the common law language "intent permanently to deprive."[6] Senate

---

[4]*See Webster's II New Riverside University Dictionary* which defines "deprive" as: "1. To take something away from. 2. To keep from having or enjoying." *Webster's II New Riverside University Dictionary* 365 (1984). *See also* Black's Law Dictionary, which in simple terms merely defines "deprive" as "[t]o take." Black's Law Dictionary 529 (4th ed. 1968).

[5]The former statute which included theft by taking also listed several other offenses whose elements were distinct and constituted separate crimes. *See State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951); *State v. Smith,* 2 Wn.2d 118, 98 P.2d 647 (1939). The new statute regroups the former crimes of larceny, false pretenses, and embezzlement into the single crime of theft. Comment, *A Hornbook to the Code,* 48 Wash. L. Rev. 149, 245 (1972); *see State v. Thorpe,* 51 Wn. App. 582, 754 P.2d 1050, *review denied,* 111 Wn.2d 1012 (1988).

[6]The statute as originally introduced also made specific reference to the common law in the definition of "wrongfully obtains or exerts unauthorized control." It stated:

Bill 384, 42d Legislature (1971), at 51; *see* Comment, *A Hornbook to the Code,* 48 Wash. L. Rev. 149, 248 (1972). As finally enacted, however, the statute used merely the language "intent to deprive." Based on this history,[7] the Court of Appeals concluded in this case that the statute, RCW 9A.56.020(1)(a), does not incorporate the element of "intent to permanently deprive." *State v. Komok,* 54 Wn. App. at 115.

Petitioner contends that even if the legislative history does indicate that "permanently deprive" is not an element of the statute, under *Burnham* and subsequent cases, the failure of the Legislature to amend the statute indicates legislative approval of or acquiescence in judicial construction of the statute, citing *State v. Calderon,* 102 Wn.2d 348, 684 P.2d 1293 (1984). That case does not support petitioner's contention, nor do other cases cited by him.

■ The legislative history indicates an intent to omit the common law concept of intent to "permanently" deprive. The Court of Appeals correctly concluded that it

---

"Wrongfully obtains" or "exerts unauthorized control" over property is not necessarily limited to conduct heretofore defined or known as common law larceny by trespassory taking, common law larceny by trick, larceny by conversion, embezzlement, extortion, or obtaining property by false pretenses. Senate Bill 384, 42d Legislature (1971), at 48. As finally enacted, the statute omitted reference to the common law. RCW 9A.56.010(7).

[7]In appropriate circumstances, sequential drafts may be useful in determining legislative intent. *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 675 P.2d 592 (1984) (citing *Hama Hama Co. v. Shorelines Hearings Bd.,* 85 Wn.2d 441, 536 P.2d 157 (1975)), *cert. denied,* 471 U.S. 1015 (1985). Implied in this reasoning is that the Legislature was aware of prior drafts and language. *See Hama Hama Co.,* 85 Wn.2d at 450. In *Hama Hama Co.,* the statute was replete with inconsistencies, errors and omissions. Thus the assumption of legislative awareness of successive drafts was negated. *Hama Hama Co.,* 85 Wn.2d at 450. In the present case, as distinguished from the facts in *Hama Hama Co.,* the theft statute was enacted as part of an overhaul of the criminal code. The theory behind the statute was to simplify the common law scheme. It went through several drafts. See Agenda, Jan. 23, 1973, Senate Legislative Committee, Senate Judiciary Committee Staff Files on Criminal Code; Washington State Association of Prosecuting Attorneys Draft, Senate Judiciary Committee bill files, Senate Bill 2063 (1973); Senate Bill 2063, 43d Legislature (1973); Engrossed Senate Bill 2230, 44th Legislature (1975).

was thus not an element of the theft statute, RCW 9A.56-.020. We agree.

Petitioner claims the information which charged him in the language of the statute was constitutionally defective because it omits the common law element of intent to "permanently deprive" the owner of property, even though it is not included in the statute. He claims this omission violates Const. art. 1, § 22 (amend. 10), which provides that an accused has the right to "demand the nature and cause of the accusation against him," and the sixth amendment to the United States Constitution which states that an accused has the right "to be informed of the nature and cause of the accusation".

We need not consider this claim because of the conclusion we have reached on the principal issue.

Petitioner further claims the trial court erred in failing to state in its written findings whether petitioner intended to permanently deprive the owner of goods, and thus judgment should be vacated and the case remanded to the trial court for a finding on the element of intent to "permanently deprive."

We need not consider this claim either because of the conclusion we have reached on the principal issue.

We therefore affirm the decision of the Court of Appeals. The language of our theft statute, RCW 9A.56.020, and the legislative history indicate that the Legislature, in its 1975 revision of the criminal code, did not intend to retain the common law requirement of intent to "permanently deprive" in the offense of theft by taking.

CALLOW, C.J., UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, and DURHAM JJ., and CONE, J. Pro Tem., concur.