[No. 31725-7-II. Division Two. November 22, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. SILVINO MARTIN PEREZ, JR., *Appellant*.

*Jodi R. Backlund* and *Manek R. Mistry* (of *Backlund & Mistry*), for appellant.

*Jeremy R. Randolph, Prosecuting Attorney,* and *J. Andrew Toynbee, Deputy,* for respondent.

¶1 QUINN-BRINTNALL, C.J. — Silvino Perez, Jr., appeals his conviction for second degree theft, arguing that the trial court instructed on an uncharged alternative means.[1] Under *State v. Linehan,* 147 Wn.2d 638, 56 P.3d 542 (2002), Perez correctly argues that RCW 9A.56.020(1)(a) sets forth two alternative means for committing theft: by wrongful obtainment and by exertion of unauthorized control. Here, while only the first means was charged, the jury was

---

[1] Perez also appeals a conviction for third degree malicious mischief. We address the issues pertaining to that conviction, as well as several additional issues pertaining to Perez's theft conviction, in the unpublished portion of this opinion.

instructed on both. We hold, however, that such error is harmless as a matter of law because both means share the same statutory definition. We therefore affirm.

## ANALYSIS

■■ ¶2 An accused must be informed of the criminal charges against him and he cannot be tried for an offense not charged. *State v. Irizarry*, 111 Wn.2d 591, 592, 763 P.2d 432 (1988). For that reason, the court may not instruct on an uncharged alternative means of committing a crime. *State v. Bray*, 52 Wn. App. 30, 34, 756 P.2d 1332 (1988). Such an error is presumed prejudicial unless it affirmatively appears that the error was harmless. *Bray*, 52 Wn. App. at 34-35; *see also State v. Severns*, 13 Wn.2d 542, 549, 125 P.2d 659 (1942) (error may be harmless if in "subsequent instructions the crime charged was clearly and specifically defined to the jury").

¶3 RCW 9A.56.020 reads in relevant part:

(1) "Theft" means:

(a) To wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him or her of such property or services.

The definitions of "to wrongfully obtain" and "exert unauthorized control" are the same and are set out at RCW 9A-.56.010(19).[2]

---

[2] RCW 9A.56.010(19) provides:

"Wrongfully obtains" or "exerts unauthorized control" means:

(a) To take the property or services of another;

(b) Having any property or services in one's possession, custody or control as bailee, factor, lessee, pledgee, renter, servant, attorney, agent, employee, trustee, executor, administrator, guardian, or officer of any person, estate, association, or corporation, or as a public officer, or person authorized by agreement or competent authority to take or hold such possession, custody, or control, to secrete, withhold, or appropriate the same to his or her own use or to the use of any person other than the true owner or person entitled thereto; or

(c) Having any property or services in one's possession, custody, or control as partner, to secrete, withhold, or appropriate the same to his or her use or to the

¶4 Prior to *Linehan*, RCW 9A.56.020(1)(a) was considered to proscribe only one alternative means of committing theft. *See State v. Ager*, 128 Wn.2d 85, 91, 904 P.2d 715 (1995); *State v. Stephenson*, 89 Wn. App. 217, 222, 948 P.2d 1321 (1997); *State v. Vargas*, 37 Wn. App. 780, 781-82, 683 P.2d 234 (1984). Although wrongful obtainment and exertion of unauthorized control were separated by the conjunctive "or," either was considered a means of "theft by taking." *Stephenson*, 89 Wn. App. at 222 n.1. Theft by taking was the statutory equivalent of common law larceny. *State v. Markham*, 40 Wn. App. 75, 86, 697 P.2d 263, *review denied*, 104 Wn.2d 1003 (1985).

■ ■ ¶5 This changed in 2002 when the Washington Supreme Court issued its opinion in *Linehan*, 147 Wn.2d 638. Before *Linehan*, it was the law of this State that there were four alternative means for committing theft: (1) by taking, (2) by embezzlement,[3] (3) by color or aid of deception, obtaining control,[4] and (4) by appropriating lost or misdelivered property or services.[5] *Ager*, 128 Wn.2d at 91; *Stephenson*, 89 Wn. App. at 222 n.1. But in *Linehan*, the court held that theft by embezzlement is not an alternative means of committing theft; rather, embezzlement is but one way of committing theft by taking. 147 Wn.2d at 647-48. And the court held that theft by taking has two alternative means: theft by wrongful obtainment and theft by exertion of unauthorized control. *Linehan*, 147 Wn.2d at 648-49. The court noted that these two means share the same definition, RCW 9A.56.010(19), and that this definition does not create additional means of theft. *Linehan*, 147 Wn.2d at 644-45, 649.

---

use of any person other than the true owner or person entitled thereto, where the use is unauthorized by the partnership agreement.

[3] Theft by embezzlement derived from a joint reading of RCW 9A.56.020(1)(a) and former RCW 9A.56.010(7) (1998), recodified as RCW 9A.56.010(19)(b). *See Vargas*, 37 Wn. App. at 781-82.

[4] RCW 9A.56.020(1)(b).

[5] RCW 9A.56.020(1)(c).

■■ ¶6  Here, Perez was charged with theft by wrongful obtainment. But the court instructed the jury that it could find Perez guilty either of theft by wrongful obtainment or theft by exertion of unauthorized control. This was error. *Bray*, 52 Wn. App. at 34. Nonetheless, Perez cannot show prejudice.

¶7  As previously stated, theft by wrongful obtainment and theft by exertion of unauthorized control share the same statutory definition, RCW 9A.56.010(19). As such, the two means are legally indistinguishable. *See Linehan*, 147 Wn.2d at 651 ("What we find persuasive are the cases that have defined the alternative means of 'wrongfully obtains' and 'exerts unauthorized control' as a unit."). If the jury found that Perez committed the theft by exertion of unauthorized control, the uncharged means, it necessarily found that Perez committed the theft by wrongful obtainment, the charged means. Thus, as a matter of law, Perez was not prejudiced and he is not entitled to reversal of his second degree theft conviction.

¶8  A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

BRIDGEWATER, J., concurs.

MORGAN, J. PRO TEM., concurs in the result only.

Review denied at 157 Wn.2d 1018 (2006).