IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81374-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | ORDER WITHDRAWING AND |
| | ) | SUBSTITUTING OPINION |
| DARIUS MICHAEL BURGENS, | ) | |
| | ) | |
| Appellant. | ) | |

The panel has determined that the opinion filed on June 15, 2020 should

be withdrawn and a substitute opinion filed to make a correction on page 7.

Now, therefore, it is hereby

ORDERED that the opinion filed on June 15, 2020 shall be withdrawn and

a substitute unpublished opinion shall be filed.

_Brennan, J_

_Chun, J._                    _Andrus, A.C.J._

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81374-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DARIUS MICHAEL BURGENS, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — Darius Michael Burgens appeals his conviction for attempted theft of a motor vehicle. Burgens argues that insufficient evidence supports his conviction and that the trial court erred when it ordered him to pay interest on his legal financial obligations. We affirm Burgens' conviction for attempted theft of a motor vehicle but remand for the trial court to strike the interest accrual provision from his judgment and sentence.

FACTS

At approximately 3:00 a.m. on April 14, 2018, Lakewood Police Department Officer David Maulen was on patrol in his marked police car. Officer Maulen spotted a white cargo van parked with the driver's side door open. Officer Maulen saw Burgens "slouched" in the driver's seat "messing around" with the van's steering column. Burgens' backpack lay on the ground outside the

driver's side door. Officer Maulen became suspicious because the van was parked near businesses in an area that had recently suffered multiple incidents of property damage. Burgens "took off running" as Officer Maulen approached to investigate the situation. Officer Maulen chased Burgens on foot. He apprehended Burgens at a dead-end street and arrested him.

Officer Maulen searched Burgens and the cargo van and recovered three screwdrivers, a hammer, and four sets of "shaved keys." He discovered the van's exterior passenger door handle was "punched out" and located pieces of the van's damaged ignition inside Burgens' backpack.

Burgens told Officer Maulen that his friends "stranded" him in Lakewood and he wanted to get home to Renton. Burgens told Officer Maulen that he "was tired of walking" when he "saw the van and attempted to unlock it with a set of keys that he had on him." Burgens admitted that when the keys did not work, he used a screwdriver to enter the passenger side door "forcibly." Burgens then used the shaved keys to try to start the van. The shaved keys failed to start the van so he "broke out the steering column" with a hammer and tried to start the van "with the screwdrivers that he had on him." Burgens told Officer Maulen that he was not going to take the van for himself, but just "needed a ride" home and "was going to leave it up there once he made his way back to Renton."

The State charged Burgens with one count of attempted theft of a motor vehicle and one count of making or possessing motor vehicle theft tools. Burgens waived his right to a jury trial.

At the bench trial, the State called the owner of the van, Myong Kim, to testify. Kim said that he did not know Burgens and that he did not give Burgens permission to take his van.

During closing argument, defense counsel conceded that Burgens planned to take the van but claimed that the State failed to prove his intent to deprive Kim of the vehicle:

> The evidence before the Court is certainly [Burgens] is trying to take the car. . . . I can say that's not in dispute. He has shaved keys. He has tools. He's cracked open the ignition. The question is, what is his intent? . . . He did not intend, as he said, to take the vehicle for himself.
> And I think there is a reasonable inference from that statement that it wasn't his intent to keep it. . . .
> . . . .
> His intent was to take that motor vehicle and, as the State had said both in their examination of the victim as well as in their own closing, to take it without permission, and he was going to take it to Renton where he was going to leave it.
> It's my position that if this is not a lesser-included offense under the logic of Ritchey,[1] the State has failed to prove the intent element of Possession of a Stolen Vehicle beyond a reasonable doubt.
> . . . His intent was not to deprive the owner of any lasting use of that vehicle. And I think if you are persuaded by the logic in Ritchey, I think that is the conclusion that the Court has to come to with respect to a possession of a motor vehicle and what differentiates this from what I would submit it should have properly been charged as.
> . . . .
> So I think it really boils down to just a simple distinction, and the case was simply overcharged.

The court found Burgens guilty as charged. In its oral ruling as to the attempted theft of a motor vehicle conviction, the court found that

> under the facts and circumstances of this case, there is no temporal limitation that's set forth in [the to-convict jury instruction for theft of a motor vehicle]. And the intent was to deprive the owner, Mr. Kim,

---

[1] State v. Ritchey, 1 Wn. App. 2d 387, 405 P.3d 1018 (2017).

of the use of that vehicle, perhaps not permanently, but certainly by removing that vehicle from the premises where it was located and removing it to another location outside of the owner's control, and therefore, I do believe that the intent element is satisfied beyond a reasonable doubt.

The court entered extensive findings of fact and conclusions of law in support of the convictions. The court imposed a standard-range sentence of 40 months for attempted theft of a motor vehicle and a 364-day suspended sentence for making or possessing motor vehicle theft tools. The court also imposed legal financial obligations and ordered that those obligations "shall bear interest from the date of the judgment until payment in full."

ANALYSIS

Sufficiency of the Evidence

Burgens argues that there is insufficient evidence to support his conviction of attempted theft of a motor vehicle.[2] He contends that the State must show that he intended to deprive Kim of his van for a "lasting period" to satisfy the mens rea of the crime. We disagree.

The State must prove each essential element of a crime beyond a reasonable doubt. State v. Oster, 147 Wn.2d 141, 146, 52 P.3d 26 (2002). In assessing whether evidence is sufficient to support a conviction, we view the evidence in the light most favorable to the State and decide whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. State v. Mines, 163 Wn.2d 387, 391, 179 P.3d 835 (2008). A defendant claiming insufficient evidence " 'admits the truth of the State's evidence and all

---

[2] Burgens does not appeal his conviction for making or possessing motor vehicle theft tools.

4

inferences that reasonably can be drawn therefrom.' " State v. Scanlan, 193 Wn.2d 753, 770, 445 P.3d 960 (2019) (quoting State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)).

Following a bench trial, we determine whether substantial evidence supports the trial court's findings of fact and whether the findings in turn support the conclusions of law. State v. Stevenson, 128 Wn. App. 179, 193, 114 P.3d 699 (2005). We consider unchallenged findings verities on appeal. Stevenson, 128 Wn. App. at 193. Sufficiency of the evidence is a question of law we review de novo. State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016).

A person attempts to commit a crime if "with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). A person commits the crime of theft of a motor vehicle when he "commits theft of a motor vehicle." RCW 9A.56.065(1). "Theft" is defined as "[t]o wrongfully obtain or exert unauthorized control over the property . . . of another . . . with intent to deprive him or her of such property." RCW 9A.56.020(1)(a). We may infer criminal intent from all the facts and circumstances surrounding the commission of an act. State v. Brooks, 107 Wn. App. 925, 929, 29 P.3d 45 (2001).

To prove theft, the State is not required to show that a defendant intended to "permanently deprive" an owner of his or her property. State v. Komok, 113 Wn.2d 810, 816, 783 P.2d 1061 (1989). Under the statute, the word "deprive" retains its common meaning—either to " 'take something away from' " or to

" 'keep from having or enjoying.' " Komok, 113 Wn.2d at 814-15 (quoting WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 365 (1984)).

Burgens argues that the State must show that he intended to keep Kim's van for a "substantial period of time" to meet the definition of "deprive." Citing State v. Walker, 75 Wn. App. 101, 879 P.2d 957 (1994), Burgens claims that the duration of time a defendant intends to wrongfully possess a vehicle is the only factor that distinguishes the mens rea of theft of a motor vehicle from that of taking a motor vehicle without permission in the second degree. Burgens reasons that because he intended to keep Kim's van for only "a 45 minute trip" to Renton, the State cannot show that he intended to deprive Kim of its use.

Burgens misconstrues Walker. In that case, we concluded that the mens rea required to prove taking a motor vehicle without permission is different from that necessary to prove theft in the first degree. Walker, 75 Wn. App. at 105-06. Theft in the first degree requires an intent to deprive the owner of property, while taking a motor vehicle without permission requires an intent only to take or drive away a vehicle without the owner's permission. Walker, 75 Wn. App. at 106. To illustrate, we explained:

> For instance, the joyriding statute would be violated by taking a motor vehicle without permission for a spin around the block. In contrast, the theft statute would be violated only if the defendant intended to deprive the owner of its use, as is the case when the motor vehicle is taken for a substantial period of time.

Walker, 75 Wn. App. at 106. Walker did not impose a specific temporal requirement to prove theft. Rather, that case showed how the duration of deprivation may be circumstantial evidence of intent.

6

Similarly, in State v. Ritchey, 1 Wn. App. 2d 387, 388, 405 P.3d 1018 (2017), we determined that taking a motor vehicle without permission in the second degree is not a lesser included crime of theft of a motor vehicle. We explained that "[t]he concept of 'taking' denotes a less severe deprivation than that of 'theft;' . . . one is intent to deprive, while the other is intent to drive without permission." Ritchey, 1 Wn. App. 2d at 391-92. We again illustrated evidence that might show an intent to deprive an owner of property "without committing [taking a motor vehicle without permission]," such as "embezzl[ing] a vehicle belonging to another," "towing [a car] away," or "hid[ing] a lost vehicle so that the true owner could not find it." Ritchey, 1 Wn. App. 2d at 392.

Here, the uncontested findings of fact establish that around 3:00 a.m. on April 14, 2018, Burgens used a screwdriver to enter Kim's van forcibly. He used shaved keys to try to start the ignition. When his attempt to start the ignition with shaved keys failed, Burgens broke the steering column with a hammer and tried to start the engine with a screwdriver. Burgens admitted that he was trying to take the van from its parked location in Lakewood and drive it to Renton where he planned to abandon the vehicle. Despite his claim that he intended to drive the van for only a short period of time, Burgens admits that he intended to dispose of the vehicle with disregard for whether or when it could be recovered by Kim. Viewing this evidence in the light most favorable to the State, a

reasonable trier of fact could conclude that Burgens intended to deprive Kim of his van.[3]

<u>Legal Financial Obligations</u>

Burgens argues that the trial court erred when it ordered him to pay interest on legal financial obligations. The State concedes the error. Legislative action has eliminated the trial court's authority to impose interest on legal financial obligations other than restitution. RCW 3.50.100(4)(b); <u>see</u> <u>State v. Ramirez</u>, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

We affirm Burgens' conviction for attempted theft of a motor vehicle but remand for the trial court to strike the interest accrual provision from his judgment and sentence.

_Brummn, J._

WE CONCUR:

_Chun, J._                    _Andrus, A.C.J._

---

[3] Burgens argues in the alternative that attempted theft of a motor vehicle and attempted taking a motor vehicle without permission in the second degree are concurrent offenses and that the State should have charged him with the lesser offense of attempted taking a motor vehicle without permission. Because we find and case law establishes that the two offenses require a different mens rea, we reject his argument. <u>See</u> <u>Ritchey</u>, 1 Wn. App. 2d at 391-92.